UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN D. JACKSON

        Petitioner,

v.                                                         Case No. 18-cv-1649-pp

RICHARD SCHMIDT,

        Respondent.

**ORDER DENYING AS MOOT MOTION TO AMEND PETITION (DKT. NO. 4), DECLINING TO ADOPT JUDGE DUFFIN'S RECOMMENDATION TO DISMISS PETITION (DKT. NO. 9), SUSTAINING PETITIONER'S OBJECTION TO RECMMENDATION (DKT. NO. 11), DISMISSING PETITION AS MOOT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I. Introduction

On October 17, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Milwaukee County Jail. Dkt. No. 1. While he did not provide this court with a case number for the case for which he was being detained, the petitioner explained that on August 31, 2018, he had been charged with being a felon in possession of a firearm, and with manufacture and delivery of heroin. Id. at 1. He also mentioned that he had been charged with causing a child to view harmful material and first-degree sexual assault of a child. Id. at 2. He alleged several grounds for relief: (1) the state re-issued certain charges that previously had been dropped; (2) the court commissioner set excessive bail; (3) his probable cause determination was not signed by a judge; (4) the district

1

attorney used the wrong days in the criminal complaint; (5) the district attorney did not disclose the identification of a confidential informant; (6) law enforcement recorded his phone calls without a warrant; (7) law enforcement never tested the confiscated substance to determine whether it was heroin; (8) the defendant gave an alibi to detectives; and (9) the Milwaukee County Jail treats its inmates in an inhumane way. Id. at 2-5. For relief, he asked the court to grant him a personal recognizance bond or release him from custody "ASAP," to review the conduct of the law enforcement and prosecutors for misconduct, to "start looking more at the county Jail conditions for Inmates," and to order the county to pay him anywhere from $50,000 to $100,000. Id. at 5.

Nine days later, the petitioner filed a motion to amend the petition. Dkt. No. 4. In the motion, he alleged that in State of Wisconsin v. Justin D. Jackson, Milwaukee County Case No. 2018CF4125, his due process rights were violated, because his lawyer had not seen him since his preliminary hearing and he was not in court when his *pro se* motions were discussed. Id. at 1. He alleged that in State of Wisconsin v. Justin D. Jackson, Milwaukee County Case No. 2018CF4134, the charges were referred to the district attorney and not processed, yet the State charged him with the same offenses at a later date; he characterized this as "8th Amendment violation." Id.

On November 11, 2018, Judge Duffin issued a Rule 4 screening order and recommended that this court dismiss the petitioner's petition for failing to exhaust his remedies in state court. Dkt. No. 9. Judge Duffin stated that as of November 2018, the petitioner had two pending cases in Milwaukee County

2

Circuit Court: Case No. 2018CF004314 and Case No. 2018CF004125, neither of which had yet proceeded to trial. Id. Judge Duffin reviewed the publicly available dockets in both cases and found that the petitioner had not attempted to present his arguments to the state courts. Id. He determined that while petitions under §2241(c)(3) did not have the same explicit exhaustion requirement as petitions under §2254, the interests of comity counseled in favor of requiring the petitioner to first pursue his state remedies. Id. at 4. He concluded, "[b]ecause Jackson has not exhausted (or even attempted to exhaust) his remedies in state court, the court finds that Jackson is not entitled to relief in federal court at this time." Id. at 4.

Subsequently, the petitioner filed two documents—a letter titled "Motion stating facts to court," dkt. no. 10, and his objections to Judge Duffin's report and recommendations, dkt. no. 11. His letter reiterated the allegations he had made in this petition for *habeas* relief. Id. His objection argues that he *did* seek relief in the Wisconsin Circuit Court; the petitioner says he wrote letters and motions to the court on his own behalf. Dkt. No. 11. In particular, the petitioner states that he should be able to pursue his double jeopardy claim through federal *habeas* proceedings prior to trial. Id.

A month later, on December 12, 2018, the court received from the petitioner a document titled "Notice & Brief of Misconduct by Government & Prosecutor." Dkt. No. 12. Most of the document is difficult to read, but it appears that the petitioner wants to add allegations that the State withheld material evidence from him; he does not indicate in which of his two pending

3

cases this occurred. Id. at 1 ("Prosecutor Kevin Shomin withheld exculpatory evidence from I the defendant"). Because the court is dismissing the petitioner's *habeas* petition, it will deny the motion to amend as moot.

**II. Analysis**

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply to *habeas* cases.

Judge Duffin issued a report and recommendation and the petitioner has objected. Under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), if a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. Id. The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d at 841, 842 (7th Cir. 2015) (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488 (1973)). "Because a pre-trial detainee is not yet 'in custody pursuant to the judgment of a State court,' relief under 28 U.S.C. §2254 is not available. Id. (citing Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001)). If the petitioner is convicted in state court while the federal *habeas* petition is pending, however,

4

"the claims concerning his pre-trial confinement [become] moot." Id. (citing Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)).

The public docket shows that on August 30, 2018, the district attorney filed a complaint alleging that the defendant had possessed a gun after being convicted of a felony and had possessed with intent to distribute heroin. State v. Jackson, 2018CF004125 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). The court set a $20,000 bail in that case, and while it appears that a month later the court reduced the bail to $10,000, it does not appear that the petitioner was able to post it, so at the time he filed this petition (October 17, 2018), he was in custody on this charge, and it appears that this is the case to which the petitioner referred in his October 2018 petition. That means that at the time he filed his petition, the petitioner was a pretrial detainee in 2018CF004125. It was proper for him to bring his petition under §2241.

The docket for 2018CF004125 shows that on October 5, 2018, the petitioner (despite having an appointed lawyer) filed a *pro se* motion to reduce his bail and to set a speedy trial date. https://wcca.wicourts.gov, Case No. 2018CF004125. On October 8, 2018, he filed more *pro se* motions; the docket does not state the substance of those motions. Id. On October 26, 2018, the petitioner filed letter motions asking the court to have certain evidence (presumably the heroin) tested and to suppress evidence. Id. It appears the petitioner filed yet another letter on October 30, 2018. Id. On November 5, 2018, the petitioner filed a motion to move up his trial date. Id. On November

5

12, 2018, either the petitioner or his lawyer filed a motion asking for disclosure of the confidential informant. Id. The petitioner wrote the trial court a letter, which was docketed December 13, 2018. Id. On April 25, 2019, the court received from the petitioner a *pro se* motion for discovery and inspection. Id.

The court can't tell whether the petitioner raised with the circuit court all the claims he mentioned in his original *habeas* petition to this court, but it certainly appears that he raised many of them. The court agrees with the petitioner that he *did* try to exhaust at least some of his remedies in Case No. 2018CF004125. The court will sustain the petitioner's objection to Judge Duffin's report and recommendation as to this case.

Now, however, this petition is moot as to that case. The public docket shows that on May 2, 2019—after Judge Duffin issued his report and recommendation—the State moved to dismiss the charges in 2018CF004125. Id. The court granted the motion, and the charges were dismissed. Id. The petitioner is no longer a pretrial detainee in 2018CF004125. Because he is not a pretrial detainee any longer (at least, not in that case), he is not entitled to *habeas* relief, and this court does not have jurisdiction over his petition as to that case.

The public docket also shows that on September 11, 2018, the State charged the petitioner with one count of first-degree sexual assault and two counts of exposing a child to harmful material. State v. Jackson, 2018CF004314 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). The petitioner mentioned these charges in his

6

original petition, at page 2. Dkt. No. 1 at 2. In this case, the court set bail at $35,000, never reduced it and the petitioner was in custody throughout the case. State v. Jackson, 2018CF004314 (available at https://wcca.wicourts.gov). As in his other case, the petitioner filed *pro se* motions in this one. On October 29, 2018, he filed a motion to reduce excessive bail, as well as letters. Id. Either the petitioner or his lawyer filed a motion for disclosure of evidence and statements. Id. The petitioner filed a letter on October 30, 2018, and a *pro se* motion to move his trial date on November 5, 2018. Id. On November 26, 2018, the petitioner filed a motion to dismiss the complaint, along with a letter to the judge. Id. Three days later, he filed a motion to suppress evidence. Id. He filed a letter on December 13, 2018. Id. Either he or his attorney responded to the State's "other acts evidence" on December 18, 2018. Id. The petitioner filed another letter on January 10, 2019. Id. He filed another letter on February 8, 2019, another on February 11, 2019 and yet another on March 6, 2019. Id. On March 7, 2019, he filed a motion for immediate exoneration. Id.

The court cannot determine from the limited state docket whether the petitioner raised all the claims in state court that he has raised in this federal *habeas* petition, but again the court agrees with the petitioner that he did try to exhaust some of his remedies in Case No. 2018CV004314. The court will sustain the petitioner's objection in that regard.

Again, however, a review of the docket shows that the petitioner's claims as to Case No. 2018CF004314 are moot. On April 2, 2019, a jury found the

petitioner guilty on one count of first-degree sexual assault of a child and two counts of exposing a child to harmful material. Id. The state court sentenced the defendant on April 26, 2019 and entered its judgment of conviction on the same day. Id.

Under Jackson, the petitioner's conviction in state court renders his §2241 petition moot. Jackson, 796 F.3d 841, 843 (7th Cir. 2015). The court no longer has jurisdiction over the petition, and must dismiss it.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition is not moot given the state court's dismissal of the charges in 2018CF004125 and his conviction on 2018CF004134.

### IV. Conclusion

The court **DENIES AS MOOT** the petitioner's motion to amend the petition. Dkt. No. 4.

8

The court **DECLINES TO ADOPT** Judge Duffin's recommendation to dismiss the petition on exhaustion grounds. Dkt. No. 9.

The court **SUSTAINS** the petitioner's objection. Dkt. No. 11.

The court **ORDERS** that the petitioner's petition for *habeas* relief under §2241 is **DISMSISSED AS MOOT.**

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 30th day of September, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**